# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                      Criminal Action No. 1:11cr33

**JODI BURGHARDT,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jodi Burghardt, in person and by counsel, Thomas G. Dyer, appeared before me on June 1, 2011. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The undersigned reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging her with making a false statement to a federal agent in violation of Title 18, United States Code, Section 1001(a)(2).

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she

voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jodi Burghardt, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a mandatory fine of not more than $250,000 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of not more

than three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her waiver of her appellate rights as contained in the written plea agreement as follows:

Ct: Did you and Mr. Dyer discuss that you have a right under law to appeal any conviction and sentence to the Fourth circuit Court of Appeals located in Richmond, Virginia, within 14 days of the District Judge's oral pronouncement of that sentence?

Def: Yes, sir.

Ct: Did you and Mr. Dyer discuss that you may have a right, under 28 USC section 2255, to collaterally attack or challenge the sentence and how it was imposed using a writ of habeas corpus-type motion?

Def: Yes, sir.

Ct: Did you and Mr. Dyer discuss that under paragraph 13 of your written plea agreement, that if the judge sentences you to a sentence that is within or below the sentencing guidelines as calculated by the court at your sentencing hearing, you give up your right to directly appeal that sentence and you give up your right to collaterally attack or challenge that sentence using habeas?

Def: Yes, sir.

Ct: Is that what you intended to do by signing the plea agreement?

Def:    Yes, sir.

Ct:     Did you understand that this waiver means you essentially give up those rights that are provided to you both under the law and by statute under the conditions set out in paragraph 13?

Def:    Yes, sir.

From which colloquy the Court determined that Defendant understood her appellate rights and voluntarily gave them up pursuant to the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated April 19, 2011, and signed by her on May 3, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence

investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Two of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea. Defendant further understood there was no parole in the federal system.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Jodi Burghardt, with the consent of her counsel, Thomas G. Dyer, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

The Court then heard the testimony of Government witness United States Postal Inspector Charles Gerhard, who testified he is assigned to the Postal Service Inspector General's Office in Clarksburg, West Virginia. He testified that on September 11, 2010, Postal Inspectors in Pittsburgh, Pennsylvania intercepted a package addressed to a Kay Watson on Route 7 in Fairmont, WV. The package fit the profile as suspicious because it was Express Mail, from a source state (Arizona) with a non-existent return address. He believed the inspectors also had a drug dog sniff the package. They obtained and executed a search warrant on the package. The contents were approximately 18 pounds of marijuana. The Pittsburgh officers contacted Inspector Gerhard, who took custody of the package. He applied for and obtained a search warrant for the address, and an order to permit monitoring of the package. Controlled deliveries on September 11 and 12 were unsuccessful, but the package was delivered on September 14. The controlled delivery was monitored and under physical surveillance. The package was not opened for several hours, so officers executed the search warrant on the residence. A woman in the house let them in. The package was unopened by the door. The woman said the package was for Defendant, and was delivered to her apartment instead. She told the officers that Defendant had told her it was from an aunt who sometimes got both her name and address wrong.

The officers left the package at the woman's residence. At 10 p.m. Defendant arrived to pick it up. After she got the package the officers attempted to question her. Defendant denied there was marijuana inside and said the package was from her aunt in Arizona who sometimes forgot her name and address. Pursuant to the search warrant the officers searched Defendant's cell phone, finding text messages from an unknown (at the time) subject who gave her the tracking number and told her she could smoke some if she wanted to. The officers also obtained phone records which showed the

phone from which she received the messages was also in her name. She had made several calls to the post office inquiring about the package. She then told the officers that Calvin Huey had sent the texts. Defendant did not tell the officers that there was no aunt in Arizona, but she did later cooperate. The person who sent the package was not the same as the person who texted. There is a warrant outstanding for Calvin Huey, who officers believe arranged to have the package mailed by an unknown sender.

Inspector Gerhard testified that the package was delivered to the address in the Northern District of West Virginia. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Inspector Gerhard's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the testimony of Inspector Gerhard, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in Count Two of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: June 2, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE